UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| SCOTT POSTON<br>22 Forest Avenue<br>Fort Thomas, Kentucky 41075,<br><br>    PLAINTIFF,<br><br>v.<br><br>ARAMARK BUSINESS<br>FACILITIES, LLC<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219,<br>**SERVE: CERTIFIED MAIL**<br><br>CINCINNATI BENGALS, INC.<br>c/o Michael Brown<br>One Paul Brown Stadium<br>Cincinnati, Ohio 45202,<br>**SERVE: CERTIFIED MAIL**<br><br>and<br><br>HAMILTON COUNTY, OHIO<br>c/o Jeff Aluotto<br>138 East Court Street, Room 603<br>Cincinnati, Ohio 45202,<br>**SERVE: CERTIFIED MAIL**<br><br>    DEFENDANTS. | Case No.: _____<br><br><br><br><br><br><br>Judge: _____ |

### VERIFIED COMPLAINT WITH JURY DEMAND

Comes now the Plaintiff, Scott Poston ("Poston"), by counsel, and for his Complaint against Defendants, Cincinnati Bengals, Inc. ("Cincinnati Bengals"), Aramark Business Facilities, LLC ("Aramark"), and Hamilton County, Ohio ("Hamilton County"), states as follows:

### DESCRIPTION OF THE PARTIES

1. Poston is an individual and citizen of the Commonwealth of Kentucky.

2. Cincinnati Bengals, Inc. is an Ohio corporation that owns a professional football team in Hamilton County, Ohio, and plays its home games at Paul Brown Stadium. Cincinnati Bengals, Inc. is responsible for the management and operation of Paul Brown Stadium on game days.

3. Aramark is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Pennsylvania. Aramark provides janitorial and concessionaire services at Paul Brown Stadium on game days.

4. Hamilton County is a governmental entity of the State of Ohio. Hamilton County owns Paul Brown Stadium and may sue and be sued in the name of its County Administrator.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Poston and Defendants are citizens of different states and the amount in controversy in this case exceeds $75,000.

6. Venue in the Southern District of Ohio, Cincinnati Division, is proper pursuant to 28 U.S.C. § 1391 because this is the judicial district in which a number of the Defendants reside, and this is the judicial district where a substantial part of the events giving rise to Poston's claims occurred.

## FACTUAL ALLEGATIONS

7. Poston has been a season ticket holder for the Cincinnati Bengals for twenty-plus years.

8. On October 14, 2018, Poston attended the Cincinnati Bengals' home football game against the Pittsburgh Steelers with his minor son.

9. During the second half of the game, Poston slipped on the concourse outside of

Section 149 in Paul Brown Stadium while attempting to enter the bathroom.

10. Prior to Poston slipping on the concourse, another fan vomited inside of a stall in the Section 149 bathroom.

11. Upon information and belief, stadium personnel attempted to clean-up the vomit by using an absorbent called D-Vour.

12. The instructions for D-Vour state that the absorbent should be applied in small amounts and cleaned up within approximately one minute of its application.

13. Contrary to those instructions, stadium personnel dumped a huge amount of the substance on the bathroom floor and then failed to clean it up for an extended period of time.

14. As would be expected, fans exiting the bathroom where the absorbent had been dumped soon tracked the substance out onto the concourse.

15. It was a cold and rainy day, and the concourse area and bathroom became very slick as a result of the misuse of the absorbent.

16. Defendants knew or reasonably should have known of the dangerous condition, yet they failed to clean up the substance or close the affected area of the concourse.

17. Shortly thereafter, Poston slipped on the substance, fell backwards, and put his hands behind his back to brace his fall, injuring his right shoulder in the process. Several other fans slipped on the concrete after Poston did, and they too suffered serious injuries.

18. After his fall, Poston was taken from the Section 149 concourse to a medical area operated by the Cincinnati Bengals.

19. The Cincinnati Bengals medical staff told Poston that he suffered a minor soft tissue injury and placed him in a makeshift sling.

20. Poston was unable to sleep that night and went to his primary care physician the

following day.

21. Poston's primary care physician then referred him to a specialist who performed an MRI. After reviewing the MRI, that doctor sent Poston to OrthoCincy.

22. The MRI revealed that Poston suffered serious injuries in the fall, including full thickness tears to three rotator cuff muscles (namely, a supraspinatus tear, infraspinatus tear, and an upper body subscapularis tear), a dislocated bicep and a deltoid and labrum strain.

23. In November 2018, Poston underwent total reconstructive surgery on his right shoulder, which included the placement of nine anchors in his shoulder bone.

24. Poston has been self-employed for over twenty years as a lighting technician in films, commercials and sports. Poston's business has been shut down and lost significant clients and potential clients as a result of his injuries.

25. Poston continues to have regular rehabilitation sessions to regain strength, function and range of motion in his right shoulder.

## COUNT I
### (Negligence Against All Defendants)

26. Poston hereby incorporates the preceding paragraphs as if specifically set forth herein.

27. As the owner of Paul Brown Stadium, Hamilton County has a duty to maintain the property in a reasonably safe condition for people attending the Cincinnati Bengals football games.

28. As the operator of Paul Brown Stadium, the Cincinnati Bengals have the same duty.

29. As a vendor hired by the Cincinnati Bengals to perform janitorial and facilities management services, Aramark owes fans a duty to keep the property in a reasonably safe condition.

30. Defendants breached their duties to Poston by failing to keep the property in a

reasonably safe condition.

31. Defendants also breached their duties to Poston by failing to implement and follow appropriate safety protocols at the stadium, despite knowing that fans routinely consume alcohol past the point of intoxication while attending Cincinnati Bengals' home football games.

32. Poston's injuries were the direct and proximate result of Defendants' violations of their legal duties.

## COUNT II
### (Negligent Hiring, Retention, and Training Against Aramark and the Cincinnati Bengals)

33. Poston hereby incorporates the preceding paragraphs as if specifically set forth herein.

34. Aramark and the Cincinnati Bengals knew or reasonably should have known that the stadium personnel who attempted to clean up the bathroom outside of Section 149 of Paul Brown Stadium by pouring D-Vour on the bathroom floor were unfit and not properly trained for the job for which they were employed.

35. The placement and retention of the stadium personnel in their positions created an unreasonable risk of harm to Poston and other fans.

36. Aramark and the Cincinnati Bengals failed to exercise reasonable care in training the stadium personnel to ensure that those individuals would provide janitorial and facilities management services at Paul Brown Stadium in a reasonable, safe, and prudent manner.

37. The injuries suffered by Poston were a direct and proximate result of Aramark and the Cincinnati Bengals' negligent hiring, retention, and training of the stadium personnel.

## COUNT III
### (Negligent Entrustment Against All Defendants)

38. Poston hereby incorporates the preceding paragraphs as if specifically set forth

herein.

39. Defendants negligently entrusted the aforementioned janitorial and facilities management services of Paul Brown Stadium, including, without limitation, the clean-up and maintenance of the bathroom outside of Section 149, to a company and/or individual they knew to be inexperienced and/or careless.

40. The company and/or individual was incompetent to provide the necessary janitorial and facilities management services, and Defendants knew or should have known of that fact.

41. Poston's injuries are a direct and proximate result of Defendants' negligent entrustment of these services and responsibilities to the aforementioned company and/or individual.

## COUNT IV
### (Intended Beneficiary Contract Claim Against Hamilton County)

42. Poston hereby incorporates the preceding paragraphs as if specifically set forth herein.

43. The Paul Brown Stadium lease dated May 29, 1997 ("Lease") includes a provision that requires Hamilton County to maintain a Commercial General Liability insurance policy that insures against any injuries at Paul Brown Stadium.

44. Agents for the insurer of the Cincinnati Bengals have indicated that due to this insurance obligation, Hamilton County is responsible for compensating Poston for his injuries.

45. Hamilton County has failed to provide the necessary insurance for Poston's injuries despite multiple demands to do so and has therefore breached its obligations under the terms of the Lease.

46. Poston is an intended third-party beneficiary of the Lease and has suffered harm as a result of Hamilton County's violation of the same.

**WHEREFORE**, Plaintiff, Scott Poston, respectfully demands judgment for compensatory and punitive damages in an amount to be determined at trial, interest and attorney fees, and any and all other relief to which he may be entitled.

Respectfully submitted,

/s/ Kevin F. Hoskins
Kevin F. Hoskins (0078366)
Christopher B. Markus (0081221)
Kathleen C. Tranter (0089503)
Dressman Benzinger LaVelle PSC
221 East Fourth Street, Suite 2500
Cincinnati, Ohio 45202
Phone: 513.241.4110
Fax: 513.241.4551
E-mail: khoskins@dbllaw.com
cmarkus@dbllaw.com
ktranter@dbllaw.com
*Attorneys for Plaintiff, Scott Poston*

## JURY DEMAND

Plaintiff demands a trial on all issues triable to a jury.

/s/ Kevin F. Hoskins
Kevin F. Hoskins

## INSTRUCTIONS TO THE CLERK

Please serve the Defendants at the addresses listed in the caption of this Verified Complaint by certified mail, return receipt requested, according to law.

785542v1

## VERIFICATION

The undersigned, Scott Poston, hereby verifies that the factual allegations made in the foregoing Verified Complaint are true and accurate to the best of his knowledge and belief.

_____
Scott Poston

STATE OF KENTUCKY )
                            ) ss:
COUNTY OF Kenton )

Subscribed, sworn to, and acknowledged before me, this 21st day of February, 2019.

_____
Notary Public, State-at-Large
My Commission Expires: 6-7-22

OFFICIAL SEAL
RHONDA McCORMICK
NOTARY PUBLIC - KENTUCKY
STATE-AT-LARGE ID# 601301
My Commission Expires June 7, 2022

785542v1