# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# CINCINNATI DIVISION

| | | |
|---|---|---|
| SCOTT POSTON, | : | Case No. 1:19 CV 00144 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| vs. | : | |
| | : | |
| ARAMARK BUSINESS FACILITIES, LLC, ET AL., | : | |
| | : | |
| Defendants. | : | |

## ANSWER AND CROSS-CLAIM OF DEFENDANTS, CINCINNATI BENGALS, INC. AND HAMILTON COUNTY, OHIO TO PLAINTIFF'S COMPLAINT

Come now Defendants, Cincinnati Bengals, Inc. and Hamilton County, Ohio, by and through counsel, and for their Answer to the Plaintiff's Complaint states as follows:

## FIRST DEFENSE

1. These Defendants deny the allegations in paragraph 1 of Plaintiff's Complaint for want of knowledge.

2. These Defendants admit Cincinnati Bengals, Inc. is an Ohio corporation that owns the Cincinnati Bengals professional football team which plays its home games in Paul Brown Stadium. These Defendants deny the remaining allegations in paragraph 2 of Plaintiff's Complaint.

3. These Defendants state that Aramark provides services as set forth in its contract which is attached hereto as Exhibit A and deny the remaining allegations in paragraph 3 of Plaintiff's Complaint for want of knowledge.

4. These Defendants admit Hamilton County is a governmental entity of the State of Ohio. These Defendants deny the remaining allegations in paragraph 4 of Plaintiff's Complaint.

5. These Defendants deny the allegations in paragraph 5 of Plaintiff's Complaint.

6. These Defendants deny the events occurred as set forth in Plaintiff's Complaint and therefore deny the allegations in paragraph 6 of Plaintiff's Complaint.

7. These Defendants deny the allegations in paragraph 7 of Plaintiff's Complaint for want of knowledge.

8. These Defendants deny the allegations in paragraph 8 of Plaintiff's Complaint for want of knowledge.

9. These Defendants deny the allegations in paragraph 9 of Plaintiff's Complaint for want of knowledge.

10. These Defendants deny the allegations in paragraph 10 of Plaintiff's Complaint for want of knowledge.

11. These Defendants deny the allegations in paragraph 11 of Plaintiff's Complaint.

12. These Defendants deny the allegations in paragraph 12 of Plaintiff's Complaint for want of knowledge.

13. These Defendants deny the allegations in paragraph 13 of Plaintiff's Complaint.

14. These Defendants deny the allegations in paragraph 14 of Plaintiff's Complaint.

15. These Defendants deny the allegations in paragraph 15 of Plaintiff's Complaint.

16. These Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint.

17. These Defendants deny the allegations in paragraph 17 of Plaintiff's Complaint for want of knowledge.

18. These Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint.

19. These Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint.

20. These Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint for want of knowledge.

21. These Defendants deny the allegations in paragraph 21 of Plaintiff's Complaint for want of knowledge.

22. These Defendants deny the allegations in paragraph 22 of Plaintiff's Complaint for want of knowledge.

23. These Defendants deny the allegations in paragraph 23 of Plaintiff's Complaint for want of knowledge.

24. These Defendants deny the allegations in paragraph 24 of Plaintiff's Complaint for want of knowledge.

25. These Defendants deny the allegations in paragraph 25 of Plaintiff's Complaint for want of knowledge.

## **ANSWER TO COUNT I**

26. These Defendants incorporate herein by reference their responses to paragraphs 1 through 25 of Plaintiff's Complaint as if fully rewritten.

27. These Defendants deny the allegations in paragraph 27 of Plaintiff's Complaint.

28. These Defendants deny the allegations in paragraph 28 of Plaintiff's Complaint.

29. These Defendants deny the allegations in paragraph 29 of Plaintiff's Complaint.

30. These Defendants deny the allegations in paragraph 30 of Plaintiff's Complaint.

31. These Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint.

32. These Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint.

## ANSWER TO COUNT II

33. These Defendants incorporate herein by reference their responses to paragraphs 1 through 32 of Plaintiff's Complaint as if fully rewritten.

34. These Defendants deny the allegations in paragraph 34 of Plaintiff's Complaint.

35. These Defendants deny the allegations in paragraph 35 of Plaintiff's Complaint.

36. These Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

37. These Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

## ANSWER TO COUNT III

38. These Defendants incorporate herein by reference their responses to paragraphs 1 through 37 of Plaintiff's Complaint as if fully rewritten.

39. These Defendants deny the allegations in paragraph 39 of Plaintiff's Complaint.

40. These Defendants deny the allegations in paragraph 40 of Plaintiff's Complaint.

41. These Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

## ANSWER TO COUNT IV

42. These Defendants incorporate herein by reference their responses to paragraphs 1 through 41 of Plaintiff's Complaint as if fully rewritten.

43. These Defendants state the lease speaks for itself and therefore deny the allegations in paragraph 43 of Plaintiff's Complaint.

44. These Defendants deny the allegations in paragraph 44 of Plaintiff's Complaint.

45. These Defendants deny the allegations in paragraph 45 of Plaintiff's Complaint.

46. These Defendants deny the allegations in paragraph 46 of Plaintiff's Complaint.

47. Further answering, these Defendants deny each and every allegation in Plaintiff's Complaint save such as are herein specifically admitted to be true.

## SECOND DEFENSE

48. For their second and further defense herein, these Defendants state that the Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

49. For their third and further defense herein, these Defendants incorporate their responses as above set forth and further state Plaintiff has failed to mitigate his damages.

## FOURTH DEFENSE

50. For their fourth and further defense herein, these Defendants incorporate their responses as above set forth and further state if Plaintiff suffered damages as alleged in the Complaint, which is specifically denied, Plaintiff, Scott Poston, proximately caused and/or contributed to said damages by his own negligence, and/or voluntarily assumed the risk of said damages, thereby barring Plaintiff from any recovery against these Defendants or diminishing any recovery by Plaintiff against these Defendants.

## FIFTH DEFENSE

51. For their fifth and further defense herein, these Defendants incorporate their responses as above set forth and further stare if Plaintiff suffered damages as alleged in the Complaint, which is specifically denied, such damages were proximately caused by the intervening and superseding negligence of some third party over which these Defendants had no control thereby barring Plaintiff from any recovery against these Defendants.

## SIXTH DEFENSE

52. For their sixth and further defense herein, these Defendants incorporate their responses as above set forth and further state that at all times pertinent they acted reasonably, in good faith, and in accordance with Ohio law.

## SEVENTH DEFENSE

53. For their seventh and further defense herein, these Defendants incorporate their responses as above set forth and further state that they are entitled to all the caps and limitations on damages set forth in Ohio law.

## EIGHTH DEFNSE

54. For their eighth and further defense herein, these Defendants incorporate their responses as above set forth and further state that all or part of Plaintiff's claims are barred by the applicable statute of limitations.

## NINTH DEFENSE

55. For their ninth and further defense herein, these Defendants give notice that they intend to assert and rely upon all affirmative defenses, immunities, avoidances, counter-claims, cross-claims and third party claims which become available or apparent during the course of discovery or trial, and they hereby reserve the right to amend this Answer to assert such defenses.

## TENTH DEFENSE

56. For their tenth and further defense herein, these Defendants incorporate their responses as above set forth and further state, Plaintiff, Scott Poston signed a waiver on his behalf and Plaintiff is therefore barred from any and all claims against these Defendants.

**WHEEREFORE,** having fully answered, Defendants pray Plaintiff's Complaint be dismissed at Plaintiff's cost and he they take nothing thereby.

## CROSS-CLAIM

Come now, Cincinnati Bengals, Inc. and Hamilton County, Ohio and for their Cross-Claim against Co-Defendant Aramark Business Facilities, LLC, state as follows:

1. Plaintiff has filed a Complaint against these Defendants claiming he has suffered certain and damages.

2. These Defendants incorporate herein by reference as if fully rewritten their entire Answer to Plaintiff's Complaint.

3. While these Defendants deny the allegations in the Complaint and deny they have any liability or responsibility to Plaintiff with reference to the matter set forth therein, these Defendants state that if they are adjudged to have any liability to the Plaintiff in this action, which is specifically denied, said liability will be passive and, therefore, secondary to the primary and active liability and negligence of Co-Defendant, Aramark Business Facilities, LLC.

4. By reason of the foregoing, and by reason of contractual indemnity as set forth in the contracts between these Defendants and Co-Defendant, these Defendants are entitled to full and complete indemnification from Co-Defendant, Aramark Business Facilities, LLC, from and against any and all liability, including expenses of defending this litigation and attorneys' fees, including the full amount and extent of any judgment rendered against these Defendants in favor of Plaintiff in this action. The contracts with Co-Defendant which give rise to these Defendants' rights to indemnity, costs and attorney fees are not attached hereto because they are voluminous and, upon information and belief, are in the possession of Co-Defendant.

5. In the alternative, should it be determined these Defendants were in any way negligent, which is specifically denied, then Plaintiff's damages, if any, were caused by the negligence of Co-Defendant, Aramark Business Facilities, LLC, jointly concurring with the negligence of these Defendants, thereby producing damages, if any, complained of by Plaintiff.

6. As a result, these Defendants would be entitled to contribution from Co-Defendant, Aramark Business Facilities, LLC, pursuant to the provisions of Ohio Revised Code §2307.22 and 2307.28.

**WHEREFORE**, Defendants, Cincinnati Bengals, Inc. and Hamilton County, Ohio, pray for judgment against Co-Defendant, Aramark Business Facilities, LLC, for full and complete indemnification or, in the alternative, for contribution as to any and all judgments rendered against it in favor of Plaintiff and for expenses, costs, interest, and attorneys' fees.

*/s Lawrence E. Barbiere*
Lawrence E. Barbiere (OH# 0027106)
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
5300 Socialville-Foster Road, Suite 200
Mason, Ohio 45040
(513) 583-4200
(513) 583-4203 [fax]
lbarbiere@smbplaw.com
*Attorney for Defendants, Cincinnati Bengals, Inc. and Hamilton County, Ohio*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, 2019, a copy of the foregoing was filed using the Clerk of Court's CM/ECF filing system, which will send notification of such filing to all counsel of record.

*/s Lawrence E. Barbiere*
Lawrence E. Barbiere (0027106)