UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, CINCINNATI DIVISION

SCOTT POSTON, :

    Plaintiff, : Case No. 1:19 cv 144

v. : Judge William O. Berteslman

ARAMARK BUSINESS FACILITIES, :
LLC, et al.,
    :
    Defendants.

## **STIPULATED PROTECTIVE ORDER**

To facilitate discovery in this lawsuit, and to protect the parties' interest in the confidentiality of proprietary or other business sensitive matters contained in certain documents, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, the undersigned parties, pursuant to **Rule 26** of the Federal Rules of Civil Procedure, hereby stipulate and agree that documents and information produced by the parties in this action shall be subject to the following terms and conditions of this Agreed Protective Order ("Order").

IT IS HEREBY ORDERED that:

1. The inspection, copying, and use of any material designated by any of the parties as containing confidential information, including any documents or portions thereof, any written responses to discovery, and any deposition testimony given by the parties or their present or former officers, employees or agents shall be subject to the provisions of the following paragraphs hereof and distribution shall be limited to:

    a. The attorneys for the parties herein;

1

b. Secretaries, paralegal assistants, and clerical personnel who are engaged in assisting counsel in the preparation of this action;

c. The named parties, and any present or future officer or employee of the named parties, to the extent deemed necessary by counsel for the prosecution, defense, or settlement of this action;

d. Expert witnesses;

e. The Court, court reporters, or other court personnel involved in the adjudication process.

2. As to all material obtained during discovery, including but not limited to documents, deposition testimony, and written discovery responses, if any of the parties claim that such material contains confidential information covered by this Order, it may be designated as confidential by either (a) marking the document or the confidential portion thereof as "confidential," or (b) providing written notice to the opposing party that such document has been designated as confidential, in a fashion that permits easy identification of the document so designated.

3. Information disclosed at a deposition may be designated as confidential by either (a) indicating on the record at the deposition that portions of the testimony are confidential and subject to the provisions of this Agreed Protective Order, or (b) by notifying opposing counsel in writing within thirty (30) days of receipt of the transcript as to those pages and lines that contain confidential information pursuant to this Stipulation and Agreed Protective Order until thirty (30) days after receipt of the transcript by the attorneys for each party. The court reporter shall mark each page upon which the confidential material is transcribed.

4. All documents produced or information disclosed that is designated as confidential by the parties, respectively, shall be revealed only to other parties in this case, the counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision and such persons as are employed to act as testifying experts in this case solely for the purposes of this proceeding. The information to be considered as confidential and disclosed only in accordance with the terms of this order shall include, without limitation, all confidential and proprietary information supplied by the parties in response to demands or requests, formal or informal, regardless of whether such information is produced or disclosed by the parties, their agents, experts, attorneys or employees, including but not limited to secretaries, paralegal assistants, and clerical personnel.

5. All confidential documents and information produced or disclosed by the parties shall be used solely for the purposes of preparation for, and use in, the trial of this action including any appeals or retrials. By agreeing to the within provision, the parties do not waive their right to object to the admissibility of such documents. Under no circumstances shall the information or materials covered by this Order be disclosed to anyone other than the persons enumerated above and such persons shall not disclose such protective documents or information to anyone.

6. No documents or information protected by this Order shall be disclosed to any news or journalistic sources or any other media. All confidential documents of another party shall at all times be kept under the custody or control of each party's attorneys or qualified persons; and such documents or things containing confidential information shall be treated with the same degree of care which would be used by such person in the handling of their own confidential information.

7. No additional copies of this material shall be made unless pursuant to instructions by counsel for Defendants in this lawsuit unless such counsel gives a strict accounting of such copy.

8. Counsel wishing to disclose any of the protective material to any testifying experts or any individual identified herein shall show a copy of this Order to said individual and obtain his/her written agreement to comply with and be bound by its terms. The agreement of each such individual shall be obtained on a form set forth on Exhibit "A" attached hereto.

9. The terms of this Order shall remain fully effective as to each protected document until released by either a Court Order or by written consent of Defendants.

10. At the conclusion of termination of this litigation, counsel shall account for each and every copy of the protected materials, in particular, all material provided to any experts, and all summaries of the information contained therein, and shall return all such copies to opposing counsel, along with the originals of each and every document on the form set forth in Exhibit "A".

11. At the conclusion of this matter, counsel shall send a letter to his experts requesting the return of all confidential material in whatever form and any copy(s) made by said expert as well as any notes prepared as a result of said expert's review of the confidential material.

12. By agreeing to this Order and obtaining the material produced, the parties hereto do not waive any rights that they may possess to comply with further discovery responses or to object to any further discovery requests made by either party.

13. Nothing in this Order shall prejudice either party from seeking amendments hereto, broadening or restricting the rights of access to these or the use of other material produced herein, or otherwise modifying this Order; and this Order may be amended without leave of

Court by the agreement of the undersigned counsel for the parties in the form of a stipulation that shall be filed in this case.

14. If the Requesting Party has a good faith basis and reasonably disagrees with the designation of any document or tangible item as "confidential" by the Disclosing Party, the Requesting Party shall promptly object in writing to the Disclosing Party's attorney. The Disclosing Party shall have thirty days after receiving the written objection within which to file and serve a Motion for a Protective Order. If the motion is not filed and served within that time period, then the confidential designation may be deemed lifted and/or waived. If the motion is timely filed and served, then the parties will maintain the confidentiality of the information pending the Court's resolution, per the terms and procedures of this Stipulation and Order. The parties shall attempt to meet and confer on the issue in a good faith attempt to resolve the issue between the parties without the necessity of involving the court and may contact the Court to informally resolve any issues before filing a Motion for a Protective Order.

15. The parties hereto acknowledge that any violation of this Order in respect of any Confidential Information will cause the Disclosing Party and its affiliates immediate and irreparable harm that monetary damages cannot adequately remedy, and parties agree that, upon any actual or impending violation of this Order, the Disclosing Party or any one or more of its Affiliated Companies shall be entitled to equitable relief, including injunctive relief and specific performance (and the Requesting Party shall not plead in defense thereto that there would be adequate remedy at law), without bond or proof of damages, and in addition to any other remedies that the Disclosing Party may have under an applicable law.

16. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the court under seal without prior permission as to each such filing,

upon motion and for good cause shown, including the legal basis for filing under seal. *See Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1.

Dated  8/22/19                    *Karen L. Litkovitz*
                                   United States Magistrate Judge

APPROVED:

/s/ R. Leland Evans                           Date   August 22, 2019
R. Leland Evans (0006833)
Megan H. Kleinman (0077790)
DICKIE, MCCAMEY & CHILCOTE, P.C.
250 Civic Center Drive, Suite 280
Columbus, Ohio 43215
(614) 258-6000 Telephone
(614) 258-6006 Facsimile
revans@dmclaw.com
mkleinman@dmclaw.com
*Counsel for Defendants Aramark Management Limited Services Partnership, improperly sued as Aramark Business Facilities, LLC, Cincinnati Bengals, Inc., and Hamilton County, Ohio*


/s/ Kevin F. Hoskins                          Date   August 22, 2019
Kevin F. Hoskins (0078366)
Christopher B. Markus (0081221)
Kathleen C. Tranter (0089503)
Dressman Benzinger LaVelle PSC
221 East Fourth Street, Suite 2500
Cincinnati, Ohio 45202
khoskins@dbllaw.com
cmarkus@dbllaw.com
Ktranter@dbllaw.com
*Counsel for Plaintiff Scott Poston*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO, CINCINNATI DIVISION

| | | |
|---|---|---|
| SCOTT POSTON, | : | |
| Plaintiff, | : | Case No. 1:19 cv 144 |
| v. | : | Judge William O. Bertelsman |
| ARAMARK BUSINESS FACILITIES, LLC, et al., | : | |
| | : | |
| Defendants. | | |

## CONSENT TO STIPULATION AND AGREED PROTECTIVE ORDER

The undersigned hereby certifies that he or she has read the Stipulation and Agreed Protective Order in this action and agrees to be bound by it, and that he or she voluntarily submits to the personal jurisdiction of this Court for purposes of the enforcement of the above specified Stipulation and Agreed Protective Order.

Dated: _____

_____
[signature]

_____
[print name]

Sworn to me before this _____ day of _____, 20___.

_____
Notary Public

# EXHIBIT "A"

## AFFIDAVIT AND AGREEMENT OF _____ AS TO RECEIPT OF DOCUMENTS AND AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I, _____, being of the age of majority, competent, and being duly sworn, says:

1. I am assisting counsel for Plaintiff in the above action. I am assisting in the preparation and prosecution of the action in the following capacity: _____.

2. I have received and read a copy of the Protective Order as to confidential documents of the parties, dated _____ and signed by Judge Berteslman.

3. I understand the terms of the Protective Order and agree to comply with them and to be bound by them.

4. I understand that the documents, testimony, and information contained therein are to be used solely to assist said counsel with this litigation, and I will not use the information, documents, copy or testimony in the future in any manner, disclose the existence of the documents, testimony, or information contained therein to any other person and will not copy, save or scan said information or documents for later use.

5. I further understand that at the conclusion of my assistance to counsel, I shall account for each and every copy and/or summary of such documents or a summary I prepared or had prepared on my behalf to said counsel and to return all such documents, and/or copies of documents and summaries to counsel.

6. I received the following documents from counsel:

    a. _____

b. _____

c. _____

d. _____

e. _____

EXECUTED this _____ day of _____, 20____.

_____
Signature

STATE of _____,

COUNTY of _____, ss:

Sworn to before me and subscribed in my presence this ____ day of _____, 20___.

_____
Notary Public

9168399.1